IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:23-cr-00044-01

TOBY LEE GRALEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Emergency Motion for Compassionate Release* (Document 190), the Defendant's first *Response to Court Order* (Document 192), the Defendant's *Emergency Status Update* (Document 196), the Defendant's second *Response to Court Order* (Document 199), and all attached exhibits. The motion is unopposed. For the reasons stated herein, the Court finds that the Defendant's motion should be denied without prejudice.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i). See *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires a fact-specific inquiry into the defendant's circumstances and offense.

The Defendant is 61 years old and has had several health incidents in recent years. He has been diagnosed with Parkinson's disease, experienced a stroke and a heart attack, and has undergone quadruple bypass surgery. On January 25, 2024, the Court sentenced him to 96 months of incarceration after his plea of guilty to conspiracy to distribute methamphetamine and fentanyl in violation of 21 U.S.C. § 841(a)(1). Since his sentencing, Mr. Graley has been diagnosed with Amyotrophic Lateral Sclerosis (ALS). The Bureau of Prisons Inmate Finder lists his anticipated release date as December 8, 2030.

On October 25, 2024, Mr. Graley filed an *Emergency Motion for Compassionate Release* (Document 190), wherein he requested that the Court reduce his custodial sentence to time served. In support of his motion, Mr. Graley states that his health has only continued to worsen since sentencing. In October 2024, Mr. Graley was taken to a local hospital and was said to be in "grave condition." (*Id.* at 1). The U.S. Marshal's Service reported that he was "near death," and as a result, counsel filed the emergency motion. (*Id*. at 5). At that time, Mr. Graley had not yet been designated to a Bureau of Prisons facility and was in custody at South Central Regional Jail (SCRJ).

The Court ordered Mr. Graley to produce medical records detailing his medical status. (Document 191.) On November 12, 2024, Mr. Graley submitted his medical records from February 1, 2024 to October 29, 2024, along with statements from his sister, Marilyn Pauley, regarding his health. According to Mr. Graley's medical records, he was admitted to the emergency department at Charleston Area Medical Center (CAMC) with a complaint of shortness of breath and chest pain on three separate occasions in 2024: August 1, September 8, and October 20.

During Mr. Graley's October visit to CAMC, he underwent several tests to determine if he had ALS. A palliative care registered nurse expressed that he "would not be surprised if [the] patient lived 6 more months [and noted that it] could be weeks to months [given Mr. Graley's] overall condition, and his nutrition." (Document 195 at 9) (sealed). On October 31, 2024, Mr. Graley was diagnosed with ALS. Dr. James Russell, a CAMC neurologist, expressed concern over Mr. Graley's condition, stating he was "NOT doing well" and may need hospice care. (*Id*. at 41) (sealed). Five days after he was discharged, Mr. Graley was again hospitalized on November 10, 2024, after experiencing dizziness and falling. He was discharged the same day.

On November 22, 2024, Mr. Graley filed an *Emergency Status Update* (Document 196), stating that a client of an investigator with the West Virginia Public Defender Services expressed concern about Mr. Graley's health and access to care at SCRJ. Counsel noted that Mr. Graley would be transferred to a BOP facility soon, where the care available would be less beneficial than the care he would receive from his family. Further, Mr. Graley's counsel stated that his family would be unable to visit him if he is transferred to a BOP facility.

On November 26, 2024, the Court ordered Mr. Graley to produce a letter from his treating physician detailing his condition, prognosis, and current and anticipated care needs. The Court

also ordered Mr. Graley to provide information about the care available to him at FMC Devens and CAMC.

In a response filed December 3, 2023, Mr. Graley's counsel noted that he was advised of the care that would be available at FMC Devens. However, Mr. Graley was instead sent to FMC Rochester. Despite several high-priority emails to staff at FMC Rochester requesting information about medical care at the facility, no response was received. Counsel indicated that supplemental information would be filed as it became available, but no such information was filed. Counsel further expressed doubt that an ALS clinic similar to the one available at CAMC would be available to Mr. Graley at FMC Rochester without referral to a local hospital. Additionally, Mr. Graley's physician, Dr. James Russell, provided a letter stating that Mr. Graley's condition was "severe," his prognosis was "very poor," and his life expectancy was "less than one year." (Document 202) (sealed).

The Court finds that Mr. Graley has not set forth sufficient information to support granting compassionate release at this time. While Mr. Graley suffers from a terminal illness,[1] ALS, which would otherwise qualify as an extraordinary and compelling reason to grant compassionate release, the Court declines to exercise its discretion and grant compassionate release. Without further information about the care available to Mr. Graley at FMC Rochester, which has not been provided, it is impossible for the Court to assess whether he would have access to better care should he be granted compassionate release and placed with his family for end-of-life care. Likewise, the Court has little current information about Mr. Graley's current condition or prognosis.

In addition, the procedural posture of this motion has changed since the time it was filed. Mr. Graley's motion was filed with the Court before he had been designated to a BOP facility. At

---

[1] Terminal illness is defined in USSG § 1B1.13(b)(1) as "a serious and advanced illness with an end-of-life trajectory." The Guidelines specifically provide ALS as an example of a terminal illness.

4

that point, it was impossible for him to exhaust administrative remedies by first filing his request with the warden. He is now housed in a BOP medical facility and may exhaust administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A). The process of exhausting administrative remedies may also create a record with more information regarding Mr. Graley's current condition, the care available at FMC Rochester, the care available should he be released, and other aspects of a release plan. Because of the change in circumstances since the filing of the motion and the lack of current information regarding Mr. Graley's medical condition and available care, the Court does not fully address the 3553(a) factors.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Emergency Motion for Compassionate Release* (Document 190) be **DENIED without prejudice**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:     February 25, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA